NO. 07-06-0304-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 8, 2007

______________________________

OTIS NOBLE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 227TH DISTRICT COURT OF BEXAR COUNTY;

NO. 2005CR3879; HONORABLE PHILIP A. KAZEN, JUDGE

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

ABATEMENT AND REMAND

Following a plea of not guilty, Appellant, Otis Noble, was convicted of possession, enhanced, and sentenced to twenty years confinement.  The clerk’s record was filed on July 7, 2006, and the reporter’s record was filed on July 28, 2006.  Initially, Appellant’s brief was due on August 28, 2006.  Three extensions of time were granted for appointed counsel to have additional time to research and to complete the brief.  In compliance with Rule 38.8(b) of the Texas Rules of Appellate Procedure, counsel was also notified by the Clerk of this Court on two separate occasions that the deadlines in which to file the brief had expired.  In response to the Clerk’s second notice of November 28, 2006, counsel filed a fourth motion for extension of time requesting another thirty days to continue his research and prepare the brief.  

By order of the Court, the fourth motion for extension of time is denied.  Instead,  we now abate this appeal and remand the cause to the trial court for further proceedings.  Tex. R. App. P. 38.8(b)(2) and (3).  
Upon remand, the trial court shall utilize whatever means necessary to determine the following:  

1.   whether Appellant desires to prosecute the appeal; 

whether Appellant is indigent and entitled to appointed counsel; and

3. whether Appellant has been denied effective assistance of appointed counsel given counsel’s failure to file the brief after being granted three extensions of time in which to complete his research.

Should the trial court determine that Appellant does want to continue the appeal, is indigent, and that present counsel should be replaced, the trial court shall appoint new counsel to represent Appellant in this appeal.  If new counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in an order appointing counsel.  If necessary, the trial court shall execute findings of fact, conclusions of law, and any necessary orders it may enter regarding the aforementioned issues and cause its findings, conclusions, and orders to be included in a supplemental clerk's record. A supplemental record of the hearing, if any, shall also be prepared.  The supplemental clerk’s record and supplemental reporter’s record, if any, shall be filed with the Clerk of this Court on or before February 16, 2007. 

It is so ordered.

Per Curiam

Do not publish.